**430**                              CASES IN THE SUPREME COURT

Bullard
v.
Spoor.

requested him to permit Heermance to appear for him on
the trial.   He accordingly admitted him without any evi-
dence of his authority, and gave judgment for the plaintiff

*Myer & Van Buren*, for the plaintiff in error.

*Ruggles & Hasbrouck*, contra.

----

BULLARD & LORD *against* SPOOR.

In an action
under the 50
dollar act, it
is too late for
the defendant
to demand a
jury of 12 men
after a jury of
6 has been de-
manded by the
plaintiff and a
venire issued.

The justice
may, on has
own motion,
challenge and
set aside a
juror for in-
toxication.

If neither
party object,
this silence
concedes the
fact of intoxi-
cation.

A justice
may appoint
a guardian *ad
litem* for an
infant; and

ON certiorari to a Justice's Court.   Spoor sued Bullard
& Lord, in the Court below under the 50 dollar act.   On
the parties appearing, the Justice requested Lord, who was
an infant, to nominate a guardian *ad litem*, which he de-
clined.   The plaintiff then moved the Justice to appoint one
for him, and he appointed John Doe, a fictitious person, to
be his guardian.   Issue was then joined, and the plaintiff
demanded and had a venire for a jury of six.   The cause
was adjourned for two days, when the parties appeared, and
the defendants then demanded a jury of 12 men.   This the
Justice overruled, and proceeded to draw a jury of six men.
One of the jurors drawn was so intoxicated as to be unfit
to serve ; and the Justice gratuitously directed him to stand
aside, to which neither party objected.   Verdict and judg
ment for the plaintiff.

*R. Cossit,* for the plaintiffs in error.   .

*W. M. Allen,* contra.

if the infant does not nominate a guardian, the justice may appoint such person as he shall
shall think proper, on the motion of the plaintiff.
But this must be a real, not a fictitious person.

*Curia.* The defendants were too late in demanding a jury of 12 men. The demand should have been made before any venire had issued. (*Strong* v. *Beardsley,* 18 John. 130.) The Justice was also right in refusing to permit a drunken man to serve on the jury. The fact of intoxication was conceded, by neither party objecting to his exclusion.

The cause of *Mockey* v. *Grey,* (2 John. 192,) settles the principle, that a Justice has the power of appointing a guardian *ad litem* for an infant; and the only question is, whether such guardian must be a real person, or whether the duty to appoint is mere matter of form, and may be satisfied by the use of a fictitious name. We think the *guardian* must be a real person; (2 Sell. Pr. 68. Am. ed.) and that for this reason the judgment must be reversed.

Judgment reversed.